921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ralphfield HUDSON, Defendant/Appellant.
 No. 89-3434.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Dec. 20, 1990.
 
 Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Appellant Ralphfield Hudson entered a conditional guilty plea to charges of drug and firearm possession. He now appeals the district court's denial of his motion to suppress evidence recovered without a search warrant. The district court denied his motion on grounds that the evidence was recovered during a search incident to arrest.
 
 
 2
 The district court credited the following version of the facts: Hudson was sitting in his parked car with Frankie Freeman when an unmarked police car driven by Officer Epperson approached. Epperson passed them, but returned from the other direction and shined his spotlight into Hudson's car. Freeman leaned forward suspiciously and Epperson reported by radio that he was going to leave his car and investigate. Still shining the spotlight, Epperson was slowly passing the car when Hudson opened the driver's door and exited. Epperson spied three beer bottles in the car--two opened, one capped. As Epperson parked, Hudson and Freeman began walking away from the car. Having probable cause to arrest the two on liquor charges, Epperson told the men to stop and place their hands on the car. They did and were frisked. Drugs and guns were uncovered and the men were arrested.
 
 
 3
 Hudson claims that the liquor violation was a pretext for an unlawful search: "The concept that [Hudson] would open the door of his car to reveal further the interior of his car to the police defies logic." The district court, in its thorough and extensive written order, specifically rejected this argument. Calling the event a "remarkable fortuity," the court nonetheless credited Officer Epperson's version of the facts: "After reviewing the circumstances surrounding [Hudson's] arrest, and the testimony of Officer Epperson at the suppression hearing, the court, with all its suspicions, finds that Officer Epperson did indeed spot the open liquor as he testified."
 
 
 4
 To prevail, Hudson must show that the district court's findings of fact were clearly erroneous. United States v. Edwards, 898 F.2d 1273, 1276 (7th Cir.1990); United States v. Dunigan, 884 F.2d 1010, 1014 (7th Cir.1989). Nothing presented to this court suggests that the district court's findings, based entirely on witness credibility, were clearly erroneous. United States v. Bennett, 908 F.2d 189, 192 (7th Cir.1990); Edwards, 898 F.2d at 1276 ("Our inquiry ... requires that we give particular deference to the district court that had the opportunity to hear the testimony and observe the demeanor of witnesses."). Although it may well have been a witless act, there are plausible explanations for Hudson's opening the car door. He may have assumed that Epperson could not see the beer bottles from his seated position in the unmarked car; he may have wanted to leave the car quickly in order to prevent Epperson from seeing the open beer bottles in the car; he may have just acted without thinking. None of these plausible explanations defy logic, as Hudson claims.
 
 
 5
 The district court specifically credited Epperson's version of the facts, and Hudson has failed to demonstrate that the district court's findings of fact were clearly erroneous. The decision of the district court denying Hudson's motion to suppress is, therefore,
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs